UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE L. HUNT,

    Petitioner,

v.                        CASE NO. 07-CV-13724
                        HONORABLE AVERN COHN
                        UNITED STATES DISTRICT COURT

L.C. EICHENLAUB,

    Respondent.
_____/

**OPINION AND ORDER**
**DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**
**AND**
**TRANSFERRING THE CASE TO THE COURT OF APPEALS FOR THE SIXTH**
**CIRCUIT UNDER 28 U.S.C. § 2244(b)(3)(A)**

**I. Introduction**

This is a habeas case under 28 U.S.C. § 2241. Clarence L. Hunt, (Petitioner), is a federal inmate at the Federal Correctional Institution in Milan, Michigan, where he is serving a sentence of one hundred and eight months for three counts of armed bank robbery, in violation of 18 U.S.C. §§ 2 and 2113, and a consecutive sentence of sixty months for one count of using a firearm to commit a crime of violence, in violation of 18 U.S.C. § 924(c). Petitioner has filed a *pro se* petition for writ of habeas corpus, in which he seeks to have his conviction for using a firearm to commit a crime of violence vacated. For the reasons that follow, the petition will be denied. The matter will also be transferred to the Court of Appeals for the Sixth Circuit for a determination as to whether petitioner is entitled to a certificate of authorization permitting him to file a second or successive motion to vacate sentence under 28 U.S.C. § 2255.

1

## II. Procedural History

Petitioner has a long procedural history, complicated by numerous post-conviction proceedings. On June 26, 1998, petitioner pleaded guilty to three counts of armed bank robbery and one count of using a firearm to commit a crime of violence in the Northern District of Ohio. Prior to sentencing, petitioner moved to withdraw his guilty plea which was denied. Petitioner appealed and the Sixth Circuit affirmed. *United States v. Hunt,* 13 Fed. Appx. 279 (6th Cir. 2001); *cert. den.* 534 U.S. 679 (2001).

Petitioner then filed a motion to vacate under 28 U.S.C. § 2255. One of the claims raised by in the motion was that he was innocent of the firearm offense, therefore, counsel was ineffective for permitting him to plead guilty to the charge. The district court denied the motion, *Hunt v. United States,* 02-CV-01578 (N.D. Ohio September 13, 2002), and the appeal was dismissed, *see* Case No. 02-4446 (6th Cir. September 18, 2003).

Petitioner then filed a petition under 28 U.S.C. § 2241, in which he again challenged his conviction. This petition was also denied. *Hunt v. United States,* U.S.D.C. 04-00358 (N.D. Ohio March 29, 2004).

Petitioner then filed a motion for reduction of sentence, which was also denied, *Hunt v. United States,* 98-00092 (N.D. Ohio August 11, 2004), and the appeal dismissed, *see* Case No. 04-4148 (6th Cir. June 14, 2005). Petitioner also filed a motion for authorization to file a second or successive motion to vacate sentence, which the Sixth Circuit denied. *In Re Hunt,* Case No. 04-4375 (6th Cir. June 14, 2005).

Petitioner then filed the instant petition.

## III. Analysis

A motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims that his or her sentence was imposed in violation of the federal constitution or laws. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998). A federal prisoner may bring a claim challenging his or her conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *Charles v. Chandler*, 180 F. 3d 753, 756 (6th Cir. 1999).

The circumstances under which a motion under § 2255 might be deemed inadequate and ineffective so as to permit relief via a writ of habeas corpus under § 2241 are narrow, as the "liberal allowance" of the writ would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by the AEDPA. *United States v. Peterman*, 249 F. 3d 458, 461 (6th Cir. 2001). To date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to use § 2241 (via § 2255's savings clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacate sentence.

As the Sixth Circuit has noted, these 'actual innocence' cases all arose from a 'common factual scenario', where prisoners who had been convicted under 18 U.S.C. § 924(c)(1) for using a firearm during a drug or violent crime found themselves to be innocent of that crime when the Supreme Court subsequently defined 'use' in a restrictive manner in *Bailey v. United States,* 516 U.S. 137 (1995). *United States v. Peterman*, 249 F. 3d at 462. Courts have therefore found § 2255 to be an inadequate or ineffective remedy to test the legality of the conviction where:

3

> 1. at the time of the conviction, the settled law of the Circuit or Supreme Court established the legality of the conviction;
> 2. subsequent to the prisoner's direct appeal and his or her first § 2255 motion, the substantive law changed such that the conduct for which the prisoner was convicted is deemed not to be criminal; and,
> 3. the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Rumler v. Hemingway,* 171 F. Supp. 2d 705, 709 (E.D. Mich. 2001).

Although petitioner claims that he is innocent of the "use" or "carrying" of a firearm, as defined by 18 U.S.C.§ 924(c), petitioner is unable to invoke the savings clause to obtain relief from his conviction pursuant to § 2241. First, petitioner bears the burden of showing his actual innocence of using or carrying a firearm § 924(c) in order to obtain habeas relief pursuant to § 2241. Petitioner is not entitled to habeas relief because his conclusory allegations fail to meet this burden. Secondly, petitioner cannot show that there has been an intervening change in the law which establishes his actual innocence, because he pleaded guilty after *Bailey* was decided. Finally, petitioner's *Bailey* claim is not cognizable in his § 2241 petition because he already raised a claim that he was innocent of carrying or using a firearm in a prior § 2255 motion. Accordingly, petitioner is not entitled to relief under § 2241.

The proper procedure for where, as here, a federal prisoner who has previously filed a § 2255 motion files a petition under § 2241 is for the district court to deny relief on the § 2241 habeas petition and then transfer the matter to the Sixth Circuit for a determination of whether petitioner is entitled to a certificate of authorization to file a successive § 2255 motion to vacate sentence. *See Rumler,* 171 F. Supp. 2d at 711.

## IV. Conclusion

Accordingly, for the reasons stated above, the petition under 28 U.S.C. § 2241 is DENIED. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

The Clerk of the Court shall TRANSFER this case to the Sixth Circuit under 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) for a determination of whether petitioner can file a second or successive motion to vacate sentence pursuant to 28 U.S.C. § 2255.

**SO ORDERED.**

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 12, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Clarence Hunt, #52982060, FCI Milan, P.O. BOX 1000, Milan, MI 48160 on this date, September 12, 2007, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160